# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| OCEANWAY MENTAL HEALTH AGENCY, INC., a Maine corporation with a principal place of business in Thomaston, Maine, and OCEANWAY MANOR, INC., a Maine corporation with a principal place of business in Thomaston, Maine, <br><br>          Plaintiffs,<br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a foreign insurer authorized to do business in the State of Maine,<br><br>          Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Oceanway Mental Health Agency, Inc. ("OWMHA"), and Oceanway Manor, Inc. ("OWM"), bring this Complaint against Defendant Philadelphia Indemnity Insurance Company (hereinafter "Philadelphia", "Defendant", or "Insurer") seeking a determination and enforcement of Insurer's contractual obligation to defend and indemnify Plaintiffs with respect to claims asserted by the Maine Department of Health and Human Services ("DHHS") in administrative proceedings against OWMHA and OWM.

## INTRODUCTION

1. Plaintiffs bring this action for declaratory and money judgment with respect to Plaintiffs' rights to insurance coverage for the defense of all claims asserted by

1

        DHHS in the administrative proceedings initiated against OWMHA and OWM by Notices dated October 26, 2016.

2. Specifically, Plaintiffs seek a declaration of Insurer's obligation to defend and indemnify Plaintiffs under commercial liability insurance policies purchased by OWMHA and OWM and issued by Insurer, together with a money judgment for defense fees, costs, and business losses incurred by Plaintiffs to date in connection with the DHHS administrative proceedings.

## PARTIES

3. Plaintiff OWMHA is a Maine corporation with a principal place of business in Thomaston, Maine.

4. Plaintiff OWM is a Maine corporation with a principal place of business in Thomaston, Maine.

5. Insurer is a foreign insurer authorized to do business in the State of Maine.

6. Upon information and belief, at all times relevant hereto, Insurer transacted business in the State of Maine and was authorized to transact business in the State of Maine.

## JURISDICTION

7. This matter involves a real and justiciable controversy about the rights and coverage due to Plaintiffs under the insurance policies issued to OWMHA and OWM by the Insurer.

8. Plaintiffs have standing to seek a declaratory judgment as to the policies issued by Insurer because Plaintiffs have incurred, and continue to incur, significant defense

       costs and business losses due to Insurer's failure to acknowledge and honor its contractual obligations under the policies issued by the Insurer.

9. Plaintiffs have standing to seek monetary damages for the defense costs and expenses that they have incurred to date and will incur hereafter in responding to the claims asserted in the DHHS administrative proceedings.

10. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because this is a civil action in which the value of the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because this is a judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

12. This Court has personal jurisdiction over Insurer because Insurer contracted to insure persons and risks in the State of Maine.

**FACTUAL AND PROCEDURAL BACKGROUND**

13. Plaintiffs OWMHA and OWM are mental health services agencies that contracted with DHHS to provide mental health services to individuals qualified to receive services through programs administered by DHHS.

14. On October 26, 2016, DHHS issued Notices of Suspension of Medicaid Payments to OWMHA and OWM based upon claims for damages alleging negligent acts, errors, or omissions in Plaintiffs' provision of services to individuals through programs administered by DHHS.

15. At all times relevant herein, Insurer provided commercial liability coverage to OWMHA and OWM. Upon information and belief, the commercial liability

coverage afforded by Insurer included Insurer's policy numbers PHPK1478731, PHPK1455432, PHUB536650, and PHUB530745.

16. Upon information and belief, the commercial liability coverage issued by Insurer was in full force and effect on and after April of 2000. Upon information and belief at all times relevant hereto, OWMHA and OWM were the named insureds on the commercial liability policies issued by Insurer.

17. Plaintiffs have notified the Insurer of the claims set forth in the DHHS Notices, and have made demand for coverage and tendered the defense of those claims to Insurer. Insurer has refused to defend Plaintiffs with respect to the allegations in the DHHS proceedings or to provide coverage for Plaintiffs' claims.

18. Upon information and belief, Plaintiffs have paid all premiums due and owing on the policies issued by Insurer and upon information and belief the commercial liability policies issued by the Insurer to OWMHA and OWM have remained in full force and effect at all times relevant hereto.

19. The allegations by DHHS are within the scope of the coverage of the commercial liability policies issued by Insurer.

20. The allegations by DHHS allege harm as a result of occurrences during the policy period when Insurer provided commercial liability coverage to OWMHA and OWM.

21. OWMHA and OWM are now actively defending against the allegations set forth by DHHS without the participation of Insurer, and have incurred substantial business losses as a result of the suspension of Medicaid payments by DHHS while the administrative proceedings at DHHS are ongoing.

22. The claims and allegations by DHHS arise out of allegations that OWMHA and OWM improperly provided "professional services" to their clients that require extensive specialized knowledge and skills, and thus fall within the scope of "professional incidents" as that term is defined in the commercial liability policies issued by Insurer.

## COUNT I

## DECLARATORY JUDGMENT

23. Plaintiffs repeat and reassert the allegations contained in Paragraphs 1-22 of their Complaint as if set forth fully herein.

24. Insurer has a duty to defend Plaintiffs with respect to the claims and allegations by DHHS, and to indemnify Plaintiffs for resulting and ongoing business losses, because those claims, allegations, and losses are within the coverage of one or more of the policies issued by Insurer to Plaintiffs.

25. Whether Insurer has a duty to defend Plaintiffs with respect to the claims and allegations asserted by DHHS, and to indemnify Plaintiffs for resulting and ongoing business losses, is determined by a comparison of the allegations by DHHS with the coverage provisions of the policies issued by the Insurer. If there is any legal or factual basis that gives rise to the potential that the claims and allegations by DHHS fall within the coverage of any of Insurer's policies, Insurer has a duty to defend Plaintiffs in the DHHS proceedings.

26. Insurer has failed and refused to defend Plaintiffs with respect to the claims and allegations asserted by DHHS.

27. Upon information and belief, Insurer denies that they have an obligation to provide Plaintiffs with a defense with respect to the claims and allegations asserted by DHHS.

WHEREFORE, Plaintiffs request that this Court enter:

A. A judgment declaring that Insurer has a duty to defend Plaintiffs with respect to the claims and allegations asserted by DHHS and to indemnify Plaintiffs for their resulting and ongoing business losses; and

B. A judgment awarding Plaintiffs attorneys' fees, costs, and disbursements incurred in the prosecution of this Complaint.

## COUNT II

## MONEY DAMAGES AND DUTY TO DEFEND

28. Plaintiffs repeat and reassert the allegations contained in Paragraphs 1-27 of their Complaint as if set forth fully herein.

29. The claims and allegations asserted by DHHS are within the coverage of the policies issued by Insurer.

30. Insurer has a duty to defend Plaintiffs under one or more of the policies issued by Insurer and to indemnify Plaintiffs for business losses incurred as a result of the incidents alleged by DHHS.

31. Insurer has failed and refused to defend Plaintiffs with respect to the claims and allegations set forth in the DHHS proceedings, and has therefore breached its contractual obligations to Plaintiffs.

32. Plaintiffs have incurred and will continue to incur costs for attorneys' fees and expenses in connection with the defense of their interests in the DHHS

proceedings, as well as substantial business losses due to the suspension of Medicaid payments by DHHS while the administrative proceedings are ongoing.

WHEREFORE, Plaintiffs request that this Court enter a judgment against Insurer for:

A.  All amounts including attorneys' fees, costs, disbursements, and losses that Plaintiffs incur in and during the defense of the claims and allegations asserted in the DHHS proceedings;

B.  Attorneys' fees, costs, and disbursements incurred by Plaintiffs in the prosecution of this Complaint; and

C.  Such other relief as the Court deems appropriate.

                                       Respectfully submitted,

DATED: October 26, 2017        /s/Riley L. Fenner
                                     RILEY L. FENNER, ESQ.
                                     Attorney for Plaintiff
                                     97 India Street
                                     Portland, Maine 04101
                                     (207) 785-6222